ROBERT S. GIANELLI, #82116
JOSHUA S. DAVIS, #193187
ADRIAN J. BARRIO, #219266
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, CA 90071
Tel: (213) 489-1600; Fax: (213) 489-1611
rob.gianelli@gmlawyers.com
joshua.davis@gmlawyers.com
adrian.barrio@gmlawyers.com

Attorneys for Plaintiff
Aphrodite Tina Weinstein-Nernberg,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APHRODITE TINA WEINSTEIN-NERNBERG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANNER LIFE INSURANCE COMPANY,<br><br>Defendant. | CASE NO.: 2:21-cv-9270<br><br>**CLASS ACTION COMPLAINT FOR: BREACH OF CONTRACT; DECLARATORY RELIEF; AND VIOLATION OF THE UNFAIR COMPETITION ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aphrodite Tina Weinstein-Nernberg, on behalf of herself and all others similarly situated, brings this action against Defendant Banner Life Insurance Company ("Banner Life") as follows:

## INTRODUCTION

1. Insurance Code sections 10113.71 and 10113.72 ("the Statutes") require insurers that issue life insurance policies in California to: (1) provide a grace period of at least 60 days for nonpayment of premium; (2) mail a notice of termination for any nonpayment of premium to the policy owner and any other person designated to receive notice of the termination within 30 days of the premium due date and at least 30 days prior to the termination date; and (3) annually notify the policy owner of the right to change or make a designee for receiving the notice. The Statutes became effective January 1, 2013 and their requirements apply regardless of whether a policy was originally issued prior to 2013. *McHugh v. Protective Life Insurance Company* (2021) 12 Cal.5th 213.

2. Plaintiff became a beneficiary under a life insurance policy that was issued to her husband in 1998. Her husband dutifully paid premiums under the policy for years but, due to ill health, missed his November 2020 payment. Despite the Statutes' clear mandate, Banner Life failed to observe a 60-day grace period, failed to provide the requisite notices, and terminated the policy before Plaintiff's husband died in March of 2021. When Plaintiff telephoned Banner Life and advised it of the death of her husband, Banner Life stated that no coverage was in effect on the date of her husband's death and refused to allow a claim for the policy benefits. Plaintiff brings this class action to remedy Banner Life's violations of the Statutes and its wrongful denial of life insurance claims for nonpayment of premium under policies issued in California.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction of this case based on diversity of citizenship. Plaintiff is a citizen of the State of California, Banner Life is

1

incorporated in and has its principal place of business in the State of Maryland, and the amount in controversy between Plaintiff and Banner Life is in excess of $75,000.00. 28 U.S.C. § 1332.

4. The Court has personal jurisdiction over Banner Life because it has conducted business in California by insuring various persons in California and by administering claims for life insurance benefits due beneficiaries in California, as alleged herein.

5. Plaintiff's claims arise out of a life insurance benefit denied her by Banner Life. Thus, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## THE PARTIES

6. Plaintiff Aphrodite Tina Weinstein-Nernberg is an individual who at all relevant times has resided in Ventura County, California.

7. Banner Life is an insurance company licensed to do business in California and at all relevant timess has been domiciled in Maryland.

## SUBSTANTIVE ALLEGATIONS

8. In 2012, Assembly Bill 1747 was enacted and created the Statutes. They became effective January 1, 2013.

9. Insurance Code section 10113.71 provides in pertinent part:

> (a) Each life insurance policy issued or delivered in this state shall contain a provision for a grace period of not less than 60 days from the premium due date. The 60-day grace period shall not run concurrently with the period of paid coverage. The provision shall provide that the policy shall remain in force during the grace period.

> (b)(1) A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.

2

10. Insurance Code section 10113.72 provides:

(a) An individual life insurance policy shall not be issued or delivered in this state until the applicant has been given the right to designate at least one person, in addition to the applicant, to receive notice of lapse or termination of a policy for nonpayment of premium. The insurer shall provide each applicant with a form to make the designation. That form shall provide the opportunity for the applicant to submit the name, address, and telephone number of at least one person, in addition to the applicant, who is to receive notice of lapse or termination of the policy for nonpayment of premium.

(b) The insurer shall notify the policy owner annually of the right to change the written designation or designate one or more persons. The policy owner may change the designation more often if he or she chooses to do so.

(c) No individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated pursuant to subdivision (a), at the address provided by the policy owner for purposes of receiving notice of lapse or termination. Notice shall be given by first-class United States mail within 30 days after a premium is due and unpaid.

11. In enacting the Statutes, the Legislature intended to address the problem of long time policy owners—often seniors and/or those with health conditions—losing life insurance policies "they had spent years paying for."

Moreover, the legislative history provides several indications that the Legislature enacted the grace period and notice protections in part to protect *existing* policy owners from losing the important life insurance coverage they had spent years paying for. The Assembly and Senate materials on Assembly Bill No. 1747 (2011–2012 Reg. Sess.) include purpose and supporting argument statements like the following: "According to the author, the bill provides consumer safeguards from which *people who have purchased life insurance coverage, especially seniors, would benefit*. Under existing law, individuals can easily lose the critical protection of life insurance if a single premium is accidentally missed (even if they have been paying premiums on time for many years).

3

*McHugh v. Protective Life Insurance Company, supra,* 12 Cal.5th at 240-241.

12. Consistent with this purpose, the Statutes "appear to create a single, unified pretermination notice scheme. This scheme appears to include three components: (1) New and existing policy owners must have the opportunity to designate additional people to receive a notice of termination (§ 10113.72, subds. (a), (b)); (2) policy owners and any designees must receive notice within 30 days of a missed premium payment, and any termination for nonpayment will not be effective unless insurers send notice to these parties at least 30 days prior (§§ 10113.71, subd. (b)(1), (3), 10113.72, subd. (c)); and (3) each policy has a 60-day grace period, which lines up with the two 30-day notice windows (§ 10113.71, subd. (a))." *McHugh v. Protective Life Insurance Company, supra,* 12 Cal.5th at 240.

13. The Statutes' requirements apply to policies issued in California regardless of whether a policy was issued prior to 2013.

> We conclude that sections 10113.71 and 10113.72 apply to all life insurance policies in force when these two sections went into effect, regardless of when the policies were originally issued. This interpretation fits the provisions' language, legislative history, and uniform notice scheme, and it protects policy owners — including elderly, hospitalized, or incapacitated ones who may be particularly vulnerable to missing a premium payment — from losing coverage, consistent with the provisions' purpose.

*McHugh v. Protective Life Insurance Company, supra,* 12 Cal.5th at 220.

14. Additionally, "[a]n insurer's failure to comply with these statutory requirements means that the policy cannot lapse." *Thomas v. State Farm Life Insurance Company* (9th Cir., Oct. 6, 2021, No. 20-55231) 2021 WL 4596286, at *1, *citing McHugh v. Protective Life Insurance Company, supra*.

15. Banner Life has failed to comply with the Statutes. When premiums have become due on or after January 1, 2013, Banner Life has not provided a prospective 60-day grace period and has not mailed a notice of termination within 30 days of the premium due date and at least 30 days before the termination date.

16. In connection with its disregard of the requirements of the Statutes, Banner Life has improperly denied claims for deaths under those policies, refused to allow claims to be made, or just ignored its responsibility to pay benefits for the deaths, on the basis the policies were terminated for nonpayment of premium.

17. Banner Life issued Arnold Nernberg a $1 million "renewable and convertible" term life insurance policy effective November 7, 1998, Policy No. 17B0365558 ("the Policy"). Mr. Nernberg was designated as the insured and owner of the Policy.

18. Premiums under the Policy were due annually. The Policy provided a grace period of 31 days "after the premium due date to pay each premium."

19. By subsequent agreement between Mr. Nernberg and Banner Life, the face amount of the Policy was reduced from $1 million to $400,000. Effective November of 2014, Plaintiff was designated as the beneficiary of the Policy.

20. Mr. Nernberg paid all the annual premiums due under the Policy from November 1998 through November 2019.

21. Banner Life sent Mr. Nernberg a "Billing Notice – Life Insurance" with a "Date Prepared" of October 5, 2020. The notice advised that the annual premium was due on November 7, 2020: "Please remit your premium payment by 11/07/2020 or within the grace period to avoid termination of coverage."

22. Due to ill health, Mr. Nernberg missed the November 2020 premium payment.

23. Banner Life sent Mr. Nernberg a "Late Payment Offer" with a "Date Prepared" of December 7, 2020. The offer advised that:

> The grace period provided for the premium due 11/07/2020 has expired. Currently your policy is terminated and no longer provides valuable life insurance coverage. However, we are offering you the opportunity to reinstate your policy without providing current medical evidence of insurability. In order to take advantage of this offer the following conditions must be met:

5

- Payment in the amount of $5,774.00 must be received by us no later than 12/27/2020 by 11:59 p.m.
- The insured is living at the time the payment is received.

24. In February of 2021, Banner Life sent Mr. Nernberg a "Notice of Policy Termination" with a "Date Prepared" of February 8, 2021. The notice stated that the annual premium payment was not made on November 7, 2020 and that "[t]he policy no longer provides life insurance coverage[.]"

25. Mr. Nernberg died on March 13, 2021.

26. Plaintiff subsequently made a telephone call to Banner Life and advised that Mr. Nernberg had died and that she wished to make a formal claim for the benefits under the Policy. In response, Banner Life personnel advised Plaintiff the Policy terminated before her husband's death for nonpayment of premium and that no claim could be made.

27. Banner Life violated the Statutes because it did not provide Mr. Nernberg with a 60-day grace period for nonpayment of premium and did not provide him the requisite notice of termination within 30 days of the premium due and at least 30 days prior to the termination date.

28. Banner Life's failure to comply with the Statutes meant that the Policy could not be terminated for nonpayment of premium and that Banner Life's refusal to allow Plaintiff to make a claim for the Policy benefits, and its attendant refusal to pay those benefits, breached the terms of the Policy and the obligations superimposed on the Policy terms under California law.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Federal Rules of Civil Procedure Rule 23. Pursuant to Rule 23(b)(3) and 23(b)(2), Plaintiff seeks certification of the following class:

> All persons designated as beneficiaries under individual life insurance policies issued in California by Banner Life Insurance Company that were terminated for nonpayment of a premium due on or after January 1, 2013 and where the deaths of the insureds occurred within four years of the filing of this action while the policies were in a terminated status.

30. Plaintiff and the class members reserve the right under Federal Rule of Civil Procedure Rule 23(c)(l)(C) to amend or modify the class to include greater specificity, by further division into subclasses, or by limitation to particular issues.

31. This action has been brought and may be properly maintained as a class action under the provisions of Federal Rules of Civil Procedure Rule 23 because it meets the requirements of Rule 23(a), Rule 23(b)(3), and Rule 23(b)(2).

**A. Numerosity.**

32. The potential members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed class members has not been determined at this time, Plaintiff is informed and believes that there are a substantial number of individuals who were beneficiaries under Banner Life policies who have been similarly affected.

**B. Commonality.**

33. Common questions of law and fact exist as to all members of the proposed class because the claims at issue arise out of Banner Life's uniform and systemic violation of the Statutes, as alleged herein

**C. Predominant questions of law or fact.**

34. Questions of law or fact common to class members predominate over any questions affecting only individual members because Banner Life's liability for violating the Statutes is based upon its uniform non-compliance, as alleged herein.

///

///

///

7

### D. Typicality.

35. The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the class are similarly affected by Banner Life's wrongful conduct as described herein.

### E. Adequacy of representation.

36. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class. Counsel who represents Plaintiff is competent and experienced in litigating large and complex class actions, including insurance class actions.

### F. Superiority of class action.

37. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

38. Banner Life has also acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

39. Plaintiff hereby repeats and realleges the preceding paragraphs and incorporates the same as though fully set forth herein.

40. As alleged herein, Banner Life issued Arnold Nernberg a $1 million "renewable and convertible" term life insurance policy effective November 7, 1998, that was later reduced by agreement to $400,000. Effective November of 2014, Plaintiff was designated as the beneficiary of the Policy.

///

41. By operation of the Statutes, the Policy and all the individual life insurance policies issued by Banner Life in California provided, effective January 1, 2013, a 60-day grace period and required Banner Life to give notice of any termination for nonpayment of premium within 30 days of the premium due date and at least 30 days before the termination date.

42. Mr. Nernberg paid all the annual premiums due under the Policy from November 1998 through November 2019.

43. Banner Life sent Mr. Nernberg a "Billing Notice – Life Insurance" with a "Prepared Date" of October 5, 2020 that advised: "Please remit your premium payment by 11/07/2020 or within the grace period to avoid termination of coverage." This premium payment was not made.

44. Banner Life sent Mr. Nernberg a "Late Payment Offer" with a "Date Prepared" of December 7, 2020. The offer advised that the grace period had expired and offered to reinstate the policy if payment was received by Deceember 27, 2020 while Mr. Nernberg was still alive.

45. In February of 2021, Banner Life sent Mr. Nernberg a "Notice of Policy Termination" stating that the annual premium payment was not made on November 7, 2020 and that "[t]he policy no longer provides life insurance coverage[.]"

46. Following Mr. Nernberg's death on March 13, 2021, Plaintiff advised Banner Life telephonically that she wished to make a formal claim for the benefits under the Policy. In response, Banner Life personnel advised Plaintiff the Policy terminated before her husband's death and that no claim could be made.

47. As alleged herein, when Mr. Nernberg and other policy owners of individual life insurance policies issued by Banner Life in California missed a premium payment due on or after January 1, 2013, Banner Life failed to comply with the Statutes. Banner Life did not provide a 60-day grace period from the premium due date and did not mail notices of termination within 30 days of the

9

premium due dates and/or at least 30 days before the termination dates.

48. Banner Life's failure to comply with the Statutes meant that the Policy and the policies of other policy owners could not be terminated for nonpayment of premium and that Banner Life's refusal to allow Plaintiff and other beneficiaries to make a claim for the policy benefits, and/or its refusal to pay those benefits, breached the express and implied by law terms of the Policy and other policies issued in California.

49. As a proximate result of the systemic breach of the contracts covering insureds such as Mr. Nernberg, Plaintiff and beneficiaries like her have been deprived of policy benefits, and interest thereon, all to their damage in a sum to be proven at the time of trial.

50. Plaintiff requests attorney fees under Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or a common fund theory.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Relief)**

51. Plaintiff hereby repeats and realleges the preceding paragraphs and incorporates the same as though fully set forth herein.

52. Under California Code of Civil Procedure section l060, "[a]ny person interested under a written instrument . . . who desires a declaration of his or her rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties . . . including a determination of any question of construction or validity arising under the instrument or contract."

53. As alleged herein, an actual controversy exists in this case because Plaintiff and the class contend that Banner Life's practices violate the requirements of the Statutes and Banner Life contends that its practices do not violate the requirements of the Statutes.

54. Plaintiff and the class request a declaration that Banner Life's practices have violated the requirements of the Statutes obligating it to treat the terminated polices as remaining in force and to pay the death benefits provided under those policies with respect to any deaths that have occurred within four years of the filing of this action.

55. Plaintiff requests attorney fees under Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or a common fund theory.

### THIRD CLAIM FOR RELIEF
### (Violation of California's Unfair Competition Act)

56. Plaintiff hereby repeats and realleges the preceding paragraphs and incorporates the same as though fully set forth herein.

57. Plaintiff and the class members repeat and re-allege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

58. Business and Professions Code section 17200 et seq., the Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

59. Banner Life has violated the "unlawful" prong of the UCL by violating the Statutes, as alleged herein.

60. Banner Life has violated the "unfair" prong of UCL by systematically and repeatedly breaching the terms of the life insurance policies, as amended by operation of law with respect to the Statutes, as alleged herein.

61. As a result of Banner Life's violations, Plaintiff has suffered injury in fact and has lost money or property, as Banner Life has refused to entertain or pay any claim for life insurance benefits for the death of Mr. Nernberg.

62. On behalf of herself and on behalf of the general public, Plaintiff requests declaratory and injunctive relief as remedies to correct Banner Life's refusal to comply with the Statutes. Plaintiff requests that the Court order Banner

Life to: a) conform its practices to the requirements of the Statutes; b) re-process the termination of any policies for non-payment of premium due on or after January 1, 2013 and return them to active status; c) determine and notify the beneficiaries that they have a claim for benefits for any death that has occurred; and d) pay the death benefits due.

61. Plaintiff requests attorney fees under Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or a common fund theory.

**WHEREFORE, Plaintiff prays for judgment against Banner Life as follows:**

1. Policy benefits and interest as described herein;
2. Declaratory relief and injunctive relief as described herein;
3. Attorney fees as described herein;
4. Costs of suit incurred herein; and
5. For such other and further relief as the Court deems just and proper.

DATED: November 29, 2021                    GIANELLI & MORRIS

By: /s/ Adrian J. Barrio
ROBERT S. GIANELLI
JOSHUA S. DAVIS
ADRIAN J. BARRIO
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Aphrodite Tine Weinstein-Nernberg hereby demands a trial by jury in this case of all issues triable to a jury.

DATED: November 29, 2021

GIANELLI & MORRIS

By: /s/ Adrian J. Barrio
ROBERT S. GIANELLI
JOSHUA S. DAVIS
ADRIAN J. BARRIO
Attorneys for Plaintiff